**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-21621-CIV-GAYLES**

ALFRED MURCIANO, M.D., individually,
and ALLEN LENOIR, M.D., individually,

    Plaintiffs,
v.

STATE OF FLORIDA AGENCY FOR
HEALTH CARE ADMINISTRATION,
MARY MAYHEW, in her official capacity as
SECRETARY OF THE STATE OF FLORIDA
AGENCY FOR HEALTH CARE
ADMINISTRATION, and QLARANT
INTEGRITY SOLUTIONS, LLC,

    Defendants.
                                  /

## ORDER

**THIS CAUSE** comes before the Court upon Qlarant Integrity Solutions LLC's ("Qlarant") Motion to Dismiss Amended Complaint [ECF No. 48] and Defendants', the State of Florida Agency for Health Care Administration ("AHCA") and Mary Mayhew, in her official capacity as Secretary of AHCA ("Secretary Mayhew"), Motion to Dismiss Amended Complaint [ECF No. 49] (the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons set forth below, the Motions are granted, and this action is dismissed without prejudice.

## BACKGROUND

Plaintiffs Dr. Allen Lenoir ("Lenoir") and Dr. Alfred Murciano ("Murciano") (collectively, "Plaintiffs") are physicians with patients who receive Medicaid benefits. AHCA is the Florida agency responsible for the administration of Florida's Medicaid Program. Qlarant is under contract with the State of Florida to, among other things, audit billed claims of Medicaid providers to

1

identify overpayments. Plaintiffs allege that Qlarant, pursuant to their contract with AHCA, conducted audits of Plaintiffs' Medicaid billing. [ECF No. 38 ¶ 20]. However, the exhibits attached to the Complaint [ECF No. 1-1] do not reference Qlarant as Plaintiffs' auditor and the sworn declaration of Gary Coley, Vice President of Operations for Qlarant, states that Plaintiffs were not the subject of any of the audits Qlarant conducted in Florida [ECF No. 48-1 ¶ 6-7]. After AHCA audited Plaintiffs' claims for Medicaid reimbursement, AHCA determined Plaintiffs were overpaid, demanded repayment and assessed a fine. [ECF No. 8, ¶¶ 10-11].

On April 24, 2018, Plaintiffs filed their Class Action Complaint [ECF No. 1] challenging AHCA's audit procedures for Medicaid providers. On March 21, 2019, the Court dismissed Plaintiffs' Complaint as a shotgun pleading. [ECF No. 31].

On May 2, 2018, Plaintiffs filed their Amended Complaint seeking a declaration that (1) Defendants' audits violate the Medicaid Act[1] (Counts I and III) and (2) AHCA's demands for repayment are unconstitutional fines in violation of the Eighth Amendment (Counts II and IV). Murciano then voluntarily dismissed all of his claims against Defendants. [ECF Nos. 55, 66]. Only Lenoir's claims remain.

Qlarant now moves to dismiss arguing Lenoir (1) lacks standing because any purported injury cannot be traced to Qlarant's conduct and (2) fails to state an independent claim for relief. Defendants AHCA and Secretary Mayhew also move to dismiss arguing (1) AHCA is not a proper party and (2) Lenoir fails to state a claim as he has not alleged a violation of any provision of the Medicaid Act.[2] The Motions are ripe for review.

---

1 The "Medicaid Act" is generally understood to refer to Title XIX of the Social Security Act of 1965, 42 U.S.C. § 1396.
2 Defendants filed the Motions before Murciano voluntarily dismissed his claims and, therefore, raised the same arguments as to both Plaintiffs. However, as Murciano has voluntarily dismissed his claims, the Court only addresses Lenoir's claims (Counts III and IV).

2

## ANALYSIS

**I.       Standing**

Qlarant argues that Plaintiff has no standing to bring claims against it. The Court agrees. "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.,* 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction brought under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *Id.* at 1251. Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[3] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Where the attack is factual, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 412–13 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Article III of the United States Constitution "restricts the jurisdiction of the federal courts to litigants who have standing to sue." *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016), *reh'g en banc denied*, 855 F.3d 1265 (11th Cir. 2017). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process."

---

3 The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). As the party invoking federal jurisdiction, a plaintiff bears the burden of demonstrating that he has standing to sue. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S. Ct. 1540, 1547 (2016) (citation omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Qlarant launches a factual attack on the Court's subject matter jurisdiction, asserting that Lenoir cannot show an injury in fact that is fairly traceable to Qlarant's conduct. The Court agrees. Despite Lenoir's solitary and conclusory allegation in the Amended Complaint that Qlarant conducted his audits, Qlarant's unrefuted declaration establishes that Qlarant did not audit either Lenoir or Murciano. Accordingly, Lenoir's purported injury cannot be traced to Qlarant's conduct and Lenoir has no standing to bring his claims against it.

## II. Failure to State a Claim[4]

The Court also finds that Lenoir has failed to adequately allege a claim for relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

---

4 AHCA also argues that it is not a proper party to this action as it is an agency of the State of Florida and that the only proper defendant is Secretary Mayhew. Because the Amended Complaint fails to state a claim, the Court does not address this issue. The Court notes, however, that it is redundant for Plaintiff to name both AHCA and Secretary Mayhew as claims against Secretary Mayhew in her official capacity are effectively claims against AHCA.

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

### A. Count III—Audit Procedures

In a series of vague and conclusory paragraphs, Lenoir alleges that Defendants violated the Medicaid Act when conducting the financial audits of his Medicaid claims. Lenoir fails, however, to cite to any provision of the Medicaid Act that Defendants purportedly violated. Rather, Lenoir cites to inapposite regulations[5] that do not apply to the audits at issue in this action. Without a reference to a provision in the Medicaid Act or an applicable regulation that has been violated, the Court cannot determine whether Lenoir's allegations state a claim. Indeed, the Amended Complaint is exactly the "unadorned, the defendant-unlawfully-harmed-me" type of complaint that federal pleading standards prohibit. *Iqbal*, 556 U.S. at 678. Accordingly, Count III shall be dismissed without prejudice for failure to state a claim.[6]

---

5  The Amended Complaint cites to 2 C.F.R. § 200.500, governing audits of federal grants and awards, and 2 C.F.R. § 910.507, governing audits of federal awards granted by the Department of Energy. However, "Medicaid payments to a subrecipient for providing patient care services to Medicaid-eligible individuals are not considered Federal awards expended under 2 C.F.R. §200.502, unless a state requires the funds to be treated as Federal awards expended because reimbursement is on a cost-reimbursement basis." 2 C.F.R. § 200.502(i). Therefore, the cited regulations have no application to the allegations in the Amended Complaint.

6  In his response to AHCA and Secretary Mayhew's Motion, Lenoir argues, with no apparent context, that Florida Statute § 20.055 is in conflict with 42 CFR § 455.13 and should be found unconstitutional. The Court cannot consider any arguments Lenoir attempts to make regarding Florida Statute § 20.055 because they were not raised as a basis for relief in the Amended Complaint. *See Fischer v. Fed. Nat'l Mortg. Ass'n*, No. 17-cv-61293-DPG, 2018 WL 1470317, at *1332 (S.D. Fla. Mar. 26, 2018).

### B. Count IV—Eighth Amendment Claim

Lenoir also contends that AHCA's demand for repayment is an excessive economic sanction in violation of the Eighth Amendment prohibition against excessive fines and penalties. Lenoir, however, fails to sufficiently allege how AHCA's actions falls within the purview of the Eighth Amendment. "The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, as **punishment** for some offense." *Austin v. United States*, 509 U.S. 602, 609-10 (1993) (internal quotations omitted) (emphasis added). As with Count III, Lenoir relies exclusively on conclusory language that the demand for repayment was a punishment rather than pointing to specific provisions of the Medicaid Act that delineates sanctions, fines, or punishments. As a result, Count IV fails to state a plausible claim for relief and shall be dismissed without prejudice.

### CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Qlarant Integrity Solutions LLC's ("Qlarant") Motion to Dismiss Amended Complaint [ECF No. 48] is GRANTED.

2. Defendants', the State of Florida Agency for Health Care Administration and Mary Mayhew, in her official capacity as Secretary of AHCA ("Mayhew"), Motion to Dismiss Amended Complaint [ECF No. 49] is GRANTED.

3. The Amended Complaint is DISMISSED without prejudice. Lenoir shall file a Second Amended Complaint within ten (10) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of March, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE