UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21621-CIV-GAYLES

ALFRED MURCIANO, M.D., individually,
and ALLEN LENOIR, M.D., individually,

    Plaintiffs,

v.

STATE OF FLORIDA AGENCY FOR
HEALTH CARE ADMINISTRATION,
MARY MAYHEW, in her official capacity as
SECRETARY OF THE STATE OF FLORIDA
AGENCY FOR HEALTH CARE
ADMINISTRATION, and QLARANT
INTEGRITY SOLUTIONS, LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Injunctive Relief to Order Emergency Release of Funds [ECF No. 81] (the "Motion for Injunctive Relief"), AHCA's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 89] (the "Motion to Dismiss"), and Plaintiff's Motion for Leave to Amend Pleadings to Conform to the Evidence [ECF No. 93] (the "Motion to Amend"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons set forth below, the Motion to Dismiss is granted, the Motion for Injunctive Relief is denied as moot, and the Motion to Amend is denied without prejudice.

## BACKGROUND

Plaintiff Dr. Allen Lenoir ("Lenoir") is a physician with patients who receive Medicaid benefits. AHCA is the Florida agency responsible for the administration of Florida's Medicaid Program. Plaintiff alleges that AHCA improperly audited his claims for Medicaid reimbursement.

1

On April 24, 2018, Plaintiff and Dr. Alfred Murciano ("Dr. Murciano") filed a Class Action Complaint [ECF No. 1] challenging AHCA's audit procedures for Medicaid providers.[1] The Court dismissed the Complaint as a shotgun pleading. [ECF No. 31]. Plaintiff and Dr. Murciano amended their complaint alleging AHCA's audits violated the Medicaid Act[2] and AHCA's demands for repayment were unconstitutional fines in violation of the Eighth Amendment. [ECF No. 38]. Dr. Murciano then voluntarily dismissed his claims. [ECF Nos. 55, 66]. On March 9, 2020, the Court dismissed the Amended Complaint without prejudice for failure to state a claim. On March 31, 2020, Plaintiff filed his Second Amended Complaint [ECF No. 75].

The Second Amended Complaint is forty-two pages, contains 173 paragraphs, and appears to raise four claims for (1) Negligence Per Se for failure to use Generally Accepted Government Auditing Standards; (2) Negligence Per Se for failing to refer to the Medicaid Fraud Control Unit; (3) Gross Negligence; and (4) Declaratory Relief regarding AHCA's audit procedures. Plaintiff also filed a Motion for Injunctive Relief requesting the Court to order AHCA to release payments he contends he is owed. AHCA has now moved to dismiss for failure to state a claim.[3]

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While

---

1  The Complaint and the Amended Complaint also brought claims against Health Integrity, LLC, Quality Health Strategies, Inc., and Qlarant Integrity Solutions, LLC. The Second Amended Complaint only brings claims against AHCA.
2  The "Medicaid Act" is generally understood to refer to Title XIX of the Social Security Act of 1965, 42 U.S.C. § 1396.
3  Plaintiff has also filed multiple motions seeking to amend the complaint, to supplement the record, and to file a surreply. *See* [ECF Nos. 74, 80, 93, 97, 101, 106].

2

a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Additionally, Rule 10(b) of the Federal Rules of Civil Procedure requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *T.D.S. Inc. v. Shelby Mutual Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting).

## **DISCUSSION**

Plaintiff has failed to follow the Federal Rules of Civil Procedure in drafting his Second Amended Complaint. Plaintiff's Second Amended Complaint is anything but a short and plain statement of the claims showing that he is entitled to relief. While Plaintiff reincorporates paragraphs 1-126 into Counts I-III, he fails to identify which facts are relevant to which count. It is not for the Court to discern among general allegations those which are most relevant to a particular claim or count in Plaintiff's Second Amended Complaint. *See Weiland v. Palm Beach Cty Sherriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015) (detailing categories of "shotgun"

3

pleadings including complaints containing "immaterial facts not obviously connected to any particular cause of action."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding complaint to be an impermissible shotgun pleading where each count incorporated all of the factual allegations thus requiring "a reader of the complaint [to] speculate as to which factual allegations pertain[ed] to which count."); *Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (holding complaint was "a perfect example of 'shotgun' pleading in that it [was] virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief.") (internal citation omitted). Moreover, in Count IV, Plaintiff fails to incorporate any facts. Thus, Plaintiff's Second Amended Complaint must be dismissed without prejudice for failure to properly state a claim.[4]

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. AHCA's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 89] is GRANTED.  Plaintiff's Second Amended Complaint is DISMISSED without prejudice.

2. Plaintiff's Motion for Injunctive Relief to Order Emergency Release of Funds [ECF No. 81] is DENIED as MOOT.

3. Plaintiff's Motion for Leave to Amend Pleadings to Conform to the Evidence [ECF No. 93] is DENIED without prejudice. If Plaintiff wishes to amend his Second Amended Complaint, he shall file a renewed motion requesting leave to amend his complaint, attaching his proposed Third Amended Complaint consistent with the rulings in this Order, on or before December 23, 2020. Plaintiff's failure to timely file a renewed motion to amend shall result in dismissal of this action with prejudice.

---

4  As the Court is dismissing all of Plaintiff's claim, Plaintiff's Motion for Injunctive Relief shall be denied as moot.

4. All other pending motions [ECF Nos. 74, 80, 97, 99, 101, 106] are DENIED as MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of December, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE